CASE 99—PETITION  EQUITY—NOVEMBER 1.

## Jones, &c., v. Gorham, &c.

APPEAL FROM NICHOLAS CHANCERY COURT.

SUICIDE AS EVIDENCE OF INSANITY.—Suicide, as a general rule, may be considered in connection with other evidence to establish insanity, but it is not of itself sufficient to prove insanity or the want of capacity to make a contract.

The grantor of a deed had, within a few weeks before she executed the deed, made several attempts to commit suicide, and after the execution of the deed succeeded in doing so. *Held*—That these facts alone are not sufficient to establish her insanity.

KENNEDY & KENNEDY FOR APPELLANTS.

Brief withdrawn.

W. S. GUDGELL FOR APPELLEE.

The evidence establishes the fact that the deed in controversy was the act of an incapacitated mind, overpowered by the influence of a conspiring husband.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

On the 9th of May, 1884, Laura Jones, wife of the appellant, conveyed to ———— Robinson her small tract of land, on which she and the appellant lived,

in trust, to be conveyed to the appellant, which said Robinson on that day executed. On the 18th day of June following said Laura died, and this action was thereafter instituted by her mother and brothers and sisters, as her heirs, to have said conveyance set aside, upon the ground that said Laura was, by reason of insanity, *non compos mentis*, and the undue influence of the appellant.

The material facts relied on as proof of insanity are, that said Laura, within a few weeks next before she made the deed, made three attempts to commit suicide, and she, after the making of said deed, did commit suicide, and she, about the time of making said deed, would lie down on the wet ground without any rational motive, and pick the grass in a strange manner, and would lock herself up in a room and weep, and she was despondent and gloomy, and her speech was incoherent and irrational, and lastly, the opinion of witnesses that she was insane.

The proof is clear that she made, in April, 1884, two or three unsuccessful attempts to kill herself, and that she did eventually kill herself; but the proof that she otherwise acted irrationally, or that she was otherwise irrational, or that her speech was incoherent and irrational, is contradicted by the overwhelming preponderance of the evidence. The evidence of her physicians, who attended her about the time that she committed these suicidal acts, and about the time that she is said to have talked irrationally, etc., is to the effect that, while she was in delicate physical health, she was rational, and possessed good sense and judgment. Her merchants, with whom she traded in April,

1884, say that she was rational, and possessed good business capacity. Her nurse, who was her attendant for several weeks next before her death, says that she was rational, and had good judgment. Her neighbors and the hands on the place, who were well acquainted with her, and saw her often during the time that she is said to have been insane, say that she was rational, and possessed good judgment and strong will power.

These witnesses, twenty in number, are not of kin to the appellant, save one or two, while all the witnesses for the appellees, save one or two, are either the appellees themselves or their kin. Therefore, we are brought to the question, how far is the fact of the suicidal intentions, and which were eventually carried into execution, to be considered in determining the condition of Mrs. Jones' capacity to make this contract? This question is answered by the cases of Duffield v. Morris, 2 Har. (Del.), 375, and Brooks v. Barrett, 7 Pick., 94, and other cases, to the effect that suicide does not of itself prove the existence of insanity or the incapacity to contract; that a person may commit suicide and be quite rational as regards all else; that suicide is not inconsistent with the idea of a sound mind. It is an act contrary to reason, education and natural instincts, but why should it be evidence of insanity any more than other acts that are contrary to reason, education and natural instincts? It seems to be a general rule that suicide may be considered, in connection with other evidence, to establish insanity, but it does not of itself establish that fact, nor does it create of itself the presumption of insanity.

There is no proof whatever tending to establish undue influence on the part of the appellant. The fact that Mrs. Jones and the appellant agreed that Mrs. Jones was to deed the appellant her estate, and he was to will her his estate, so that the survivor should have the whole estate, does not tend to establish undue influence.

The judgment is reversed, and the case, upon its return, must be dismissed.